IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02203-GPG

SALVADOR MAGLUTA,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
CHARLES DANIELS,
TERESA NEHLS,
DAVID ALLRED,
LISA McDERMOTT,
F.N.U. SANTINI, and
JOHN DOES,

    Defendants.

## ORDER TO AMEND

On October 5, 2015, Plaintiff Salvador Magluta filed a Prisoner Complaint and paid the $400 filing fee. Pursuant to 28 U.S.C. § 1915A and to D.C.COLO.LCivR 8.1(b)(2) and (3), this Court is required to review the pleadings of a prisoner, when he is challenging prison conditions and seeking redress from a governmental entity, officer or employee, to determine if the pleadings should be summarily dismissed. Plaintiff asserts jurisdiction pursuant to 42 U.S.C. §§ 1985 and 1986; 28 U.S.C. §§ 1331 2201, and 2202; and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 288 (1971). Pursuant to this Court's initial review and the following findings, Plaintiff will be directed to amend the Complaint.

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix pleadings violate the requirements of Rule 8.

Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Rather than provide a short and concise statement under the Cause of Action section of the Complaint form that identifies a specific constitutional violation, the nature of the violation, and how each responsible defendant participated in the violation, Plaintiff has listed at least twelve pages of chronological events under Claim One.  The statement of events is repetitive and includes information that is unrelated to Plaintiff's alleged constitutional violations.  Furthermore, in support of Claims Two through Four Plaintiff refers to paragraph numbers that in part do not appear anywhere in the Complaint; also, his assertions in these claims are conclusory and vague.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492   F.3d 1158, 1163 (10th Cir. 2007).   Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).   To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).   Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of

constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that is no more than thirty pages long and that complies with this Order.   It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss the Complaint without further notice.

DATED October 7, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

5

_____
United States Magistrate Judge