IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02203-GPG

SALVADOR MAGLUTA,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
CHARLES DANIELS, Warden at U.S.P. Florence,
TERESA NEHLS, Nurse Practitioner, F.C.C. Florence
DAVID ALLRED, Clinical Director, F.C.C. Florence,
LISA McDERMOTT, A.H.S.A., F.C.C. Florence,
F.N.U. SANTINI, F.N.U. ROBERTS,
F.N.U. WISE, and
JOHN DOE, BOP Staff Florence,

    Defendants.

## ORDER TO AMEND

On October 5, 2015, Plaintiff Salvador Magluta filed a Prisoner Complaint and paid the $400 filing fee. The Court reviewed the Complaint. On October 7, 2015, the Court entered an order that determined the Complaint was deficient and directed Plaintiff to amend the Complaint pursuant to Fed. R. Civ. P. 8. *See* ECF No. 3. Specifically, Plaintiff was directed to assert personal participation by each named defendant in the alleged constitutional violation. *Id.* at 3. Plaintiff was further instructed that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior and that he cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. *Id.* at 3-4. Plaintiff was directed to file an amended complaint within thirty days.

On November 4, 2015, counsel entered an appearance on behalf of Plaintiff and requested an extension of time to amend the Complaint, which was granted.

1

Nonetheless, Plaintiff filed an Amended Complaint on November 10, 2015, which he asked to be stricken if counsel had made an appearance.  ECF Nos. 7 and 8.  The Court ordered the November 10 Amended Complaint stricken.  Counsel then, on behalf of Plaintiff, filed an Amended Complaint on December 7, 2015.

Pursuant to 28 U.S.C. § 1915A and to D.C.COLO.LCivR 8.1(b)(2) and (3), this Court is required to review the pleadings of a prisoner, when he is challenging prison conditions and seeking redress from a governmental entity, officer or employee, to determine if the pleadings should be summarily dismissed.  This Complaint suffers from multiple deficiencies, based upon which the Court will direct Plaintiff to file an Amended Complaint.

Plaintiff asserts jurisdiction pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 288 (1971), and 28 U.S.C. §§ 2201 and 2202. Plaintiff further states that this action arises under the First and Eighth Amendments and 42 U.S.C. §§ 1985 and 1986.

To the extent Plaintiff relies on 42 U.S.C. § 1985, only subsection (c) of § 1985 may be applicable.  Plaintiff, however, has not alleged how Defendants have violated the elements of a conspiracy claim pursuant to § 1985(3).  *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).  Section 1985(3) only applies to conspiracies motivated by some class-based invidiously discriminatory animus.  *Griffen v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Tilton*, 6 F.3d at 686.  Plaintiff does not allege facts showing that he is a member of a statutorily protected class.  In as much as Plaintiff's allegations asserted pursuant to §1985 are deficient, a reliance on 42 U.S.C. § 1986 also fails.  A claim under § 1986 is derivative of liability under § 1985(3).  *Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir. 1985).

The Court also notes that Plaintiff has named the Federal Bureau of Prisons as a defendant.  Plaintiff may not assert a *Bivens* claim for damages against the BOP.  *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (an inmate may bring a *Bivens* action against the offending individual officer but not against the officer's employer). Furthermore, to the extent Plaintiff is asserting a claim against named defendants in their official capacity, he is actually asserting a claim against the United States.  *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir.2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *accord Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).

The United States cannot be sued without its consent.  *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992), and it has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims. *See Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 483–86 (1994) (holding that a *Bivens* action may not be brought against the United States); *see also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (recognizing that a "prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP").

Furthermore, to the extent Plaintiff is asserting that Defendants conspired to deny him adequate medical and dental treatment, mere conclusory allegations of conspiracy with no supporting factual assertions are insufficient.  *Scott v. Hern* , 216 F.3d 897, 907 (10th   Cir. 2000) (citations omitted).  Pleadings must present specific facts that show agreement and concerted action by the defendants.  *Id.*  Plaintiff fails to present any specific facts that show agreement and a concerted action.

3

Plaintiff is further reminded that to state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff also is required to assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a *Bivens* suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

4

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, counsel, on behalf of Plaintiff, shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that if counsel fails to file an Amended Complaint that complies with this Order, within the time allowed, the Court will dismiss the Complaint in part based on the above findings and proceed with addressing the merits of only the properly asserted claims that remain.

DATED December 9, 2015, at Denver, Colorado.

BY THE COURT:



_____

Gordon P. Gallagher
United States Magistrate Judge