IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02203-RM-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
CHARLES DANIELS, Warden at U.S.P. Florence,
THERESA NEHLS, Nurse Practitioner, F.C.C. Florence,
DAVID ALLRED, Clinical Director, F.C.C. Florence,
LISA MCDERMOTT, A.H.S.A., F.C.C. Florence,
F.N.U. SANTINI,
F.N.U. WISE, and
JOHN DOES, BOP Staff Florence,

    Defendants.
_____

**RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to File Amended Complaint** [#22] ("Motion to Amend") and **Unopposed Motion to Continue Scheduling/Planning Conference** [#24] ("Motion to Continue").  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motions have been referred to this Court for disposition [#23, #25].  For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#22] be **GRANTED**.  The Court also **GRANTS** the Motion to Continue [#24].

    As a preliminary matter, the Court notes that no scheduling order has been issued in this case, and thus Plaintiff's Motion to Amend must be analyzed pursuant to Rule 15(a)(2), which states in part that "[t]he court should freely give leave when justice so

requires." Here, the proposed Third Amended Complaint seeks to add two parties and several additional claims for relief under the Administrative Procedure Act. *See generally Proposed Third Amended Complaint* [#22-2]. Further, the Motion to Amend[1] is unopposed. *Motion to Amend* [#22] ¶ 6.

However, the unopposed amendment also seeks to drop a claim against Defendant Nehls for violation of Plaintiff's constitutional rights with respect to dental care, *compare Third Amended Complaint* [#22-3] at 21 *with Second Amended Complaint* [#12] at 15, and also seeks to drop a claim against Defendant Santini for violation of Plaintiff's constitutional rights with respect to mental health care, *compare Third Amended Complaint* [#22-3] at 23 *with Second Amended Complaint* [#12] at 17. A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, although the Motion to Amend is unopposed, the Court assumes that the issue is dispositive and requires a recommendation. Accordingly,

IT IS HEREBY **RECOMMENDED** that the that the Motion to Amend [#22] be **GRANTED** and that the Third Amended Complaint [#22-3] be accepted for filing.

---

[1] "Amend" is an understatement. Plaintiff's proposed Third Amended Complaint is essentially a complete revision of every allegation and claim for relief. *See Proposed Third Amended Complaint* [#22-2]. Nonetheless, despite its significant revisions, Defendants have not opposed the Motion to Amend and an Assistant United States Attorney was not assigned to this matter until April 6, 2016. *Motion to Extend* [#24] ¶ 3.

IT IS FURTHER **ORDERED** that the Motion to Continue [#24] is **GRANTED**, and the Scheduling Conference set for April 14, 2016 is **VACATED** and **RESET** to **May 24, 2016** at **11:00 a.m.** in Courtroom A-401 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures. The parties shall submit the proposed scheduling order no later than **May 17, 2016**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

/s/ Kristen L. Mix

Dated: April 8, 2016

Kristen L. Mix
United States Magistrate Judge