IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02203-RM-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

CHARLES DANIELS, Former Warden, FCC Florence, in his individual and official capacities,
DAVID ALLRED, DO, Former Clinical Director, FCC Florence, in his individual and official capacities,
GEORGE SANTINI, MD, Clinical director, FCC Florence, in his individual and official capacities,
LISA MCDERMOTT, Assistant Health Services Administrator, FCC Florence, in her individual and official capacities,
TERESA NEHLS, Former Nurse Practitioner, FCC Florence, in her individual and official capacities,
NIXON ROBERTS, DDS, Dentist, FCC Florence, in his individual and official capacities, and
JOHN DOE #1-15, Unknown Staff, FCC Florence, in their individual and official capacities,

    Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Renewed Motion to Dismiss Remaining Claims in Plaintiff's Fourth Amended Complaint (Doc. 87)** [#129][1] (the "Motion"). Plaintiff, who proceeds in this matter pro se,[2] filed a Response [#143][3] in

---

[1] "[#91]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf."

opposition to the Motion, and Defendants filed a Waiver of Reply [#144]. The Motion has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c). *See* [#132]. The Court has reviewed the Motion, Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#129] is **GRANTED**.

## I. Summary of the Case

**A.    Factual Background**

At all times relevant to the present lawsuit, Plaintiff has been a federal prisoner incarcerated at the Federal Correctional Complex Florence, ADX ("FCC Florence"). *Fourth Am. Compl.* [#87] ¶ 7. Defendants are all current or former employees of FCC Florence. *Id.* ¶ 1. Defendant Charles Daniels ("Daniels") was the Warden at FCC Florence. *Id.* ¶ 8. Defendant David Allred, DO ("Allred") was a physician employed as the Clinical Director of Medical Services at FCC Florence until about January 2014. *Id.* ¶ 9. Defendant George Santini, M.D. ("Santini") was a physician who took over as the Clinical Director of Medical Services FCC Florence in about January 2014. *Id.* ¶ 10. Defendant Lisa McDermott ("McDermott") was employed as the Assistant Health Services Administrator. *Id.* ¶ 11. Defendant Teresa Nehls ("Nehls") was employed as a Nurse Practitioner. *Id.* ¶ 12. Defendant Nixon Roberts, DDS ("Roberts") was a dentist employed at FCC Florence. *Id.*

---

*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] The Court notes that Plaintiff's Response [#143] is difficult to comprehend and does not appear to address any of the arguments raised in Defendants' Motion [#129]. To the extent that Plaintiff's Response [#143] requests relief from the Court unrelated to the present Motion [#129], the Court does not consider Plaintiff's requests in this Recommendation. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.").

¶ 13.

In late March 2013, Plaintiff was transferred from USP Terre Haute to FCC Florence. *Id.* ¶ 19. Shortly after his arrival, Plaintiff underwent medical intake screening. *Id.* ¶¶ 20, 24, 96-97. In short, Plaintiff alleges that this began a long period in which Defendants were deliberately indifferent to serious medical needs involving his left kidney and his dental/oral health. *Id.* ¶¶ 23-138. Plaintiff's specific factual allegations as to his remaining claims will be more fully discussed to the extent necessary in Section III.

B.   **Procedural Background and Remaining Claims**

The Fourth Amended Complaint [#87] (the "Complaint") was filed on January 17, 2017, and is the operative pleading in the matter. The Complaint asserts eight *Bivens* claims consisting of deliberate indifference (Claims One through Four), atypical and significant hardship (Claims Five and Six), and retaliation for accessing the courts (Claims Seven and Eight). *Id.* ¶¶ 142-65. For purposes of Defendants' Motion [#129], the Court need only address Claims One and Three which, as explained below, are the only remaining claims in this matter.

Claim One asserts an Eighth Amendment deliberate indifference claim regarding the care of Plaintiff's left kidney against Defendants Daniels, Allred, Santini, McDermott, and Nehls in their official and individual capacities. *Id.* ¶¶ 142-144. Claim Three asserts an Eighth Amendment deliberate indifference claim regarding Plaintiff's oral/dental health against Defendants Daniels, McDermott, and Roberts in their official and individual capacities. *Id.* ¶¶ 148-150.

On February 10, 2017, Defendants filed their [First] Motion to Dismiss Fourth Amended Complaint [#91] (the "First Motion to Dismiss") which sought to dismiss all of

Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Thereafter, on May 25, 2017, Defendants filed their Motion for Partial Summary Judgment Relating to Plaintiff's Unexhausted Claims [#104] (the "Motion for Partial Summary Judgment") in which Defendants argued that Plaintiff had failed to administratively exhaust his claims in full or in part.

On August 7, 2017, the undersigned issued my Recommendation [#112] on the First Motion to Dismiss [#91]. Because Defendants had separately raised the threshold issue of exhaustion in the Motion for Partial Summary Judgment [#104], the Recommendation only addressed the merits of Plaintiff's claims for which Defendants had not asserted the failure-to-exhaust defense. [#112] at 3, 4-6. Specifically, the Recommendation addressed: "(1) allegations occurring before August 19, 2013 regarding Claim One and failure to treat kidney disease, and (2) paragraphs 96-109 and 111 of the Fourth Amended Complaint regarding Claim Three and failure to provide adequate dental care." *Id.* at 6. In doing so, the undersigned denied the First Motion to Dismiss [#91] without prejudice to the extent that Defendants sought to dismiss claims that were implicated by issues of exhaustion, and recommended that the motion be granted to the extent that Defendants sought to dismiss claims not implicated by the exhaustion defense. *Id.* at 20.[4] Without objection, the Court adopted the Recommendation [#112] in full on September 1, 2017. *See Order* [#118]. On February 9, 2018, the presiding District Judge issued his Order [#125] on Defendants' Motion for Partial Summary Judgment [#104], granting summary judgment in part and dismissing in full Claim Two and Claims Four through Eight. [#125] at 20. In light of this

---

[4] As to those remaining claims implicated by issues of exhaustion, the undersigned permitted Defendants to file a new motion to dismiss those claims on the merits if, ruling on the Motion for Partial Summary Judgment [#104], the Court found that Plaintiff had successfully exhausted his administrative remedies on any full or partial claim. [#112] at 6, 19.

somewhat complicated procedural history, the Court next summarizes to what extent Claims One and Three remain.

1. **Claim One**

Pursuant to the Recommendation [#112], as adopted by the Court's Order [#118], Claim One was: (1) dismissed in full as against Defendants Nehls, McDermott, and Daniels, in their individual capacities; and (2) dismissed in part as against Defendant Allred in his individual capacity. [#112] at 20; [#118] at 3. Given the exhaustion issues pending at the time, the Recommendation did not address Claim One as against Defendant Santini in his individual capacity or Defendants in their official capacities. [#112] at 15, 19.

With respect to Defendant Allred, the Court found that Plaintiff had failed to assert any allegation of unlawful conduct by Defendant Allred occurring after October 5, 2013 (the statute of limitations cut-off). [#112] at 17-18. Therefore, in the absence of a viable constitutional violation, the Court concluded that Defendant Allred was entitled to qualified immunity and recommended that Claim One against him in his individual capacity "be dismissed with prejudice to the extent issues of exhaustion are not implicated." *Id.* at 18. The Court adopted the Recommendation [#112] and the exhaustion issues raised by Defendants with respect to Claim One were later withdrawn. *See Order* [#118] at 2; *Motion* [#129] at 2 n.2.

Accordingly, pursuant to the Court's Order [#118], Claim One remains pending: (1) against Defendants Daniels, Allred, Santini, McDermott, and Nehls in their official capacity; (2) in part against Defendant Allred in his individual capacity; and (3) against Defendant Santini in his individual capacity.

2. **Claim Three**

Pursuant to the Recommendation [#112], as adopted by the Court's Order [#118], Claim Three was: (1) dismissed in full as against Defendants McDermott and Daniels in their individual capacities; and (2) dismissed in part as against Defendant Roberts in his individual capacity as to those allegations Plaintiff had not exhausted (i.e., allegations found in paragraphs 96-109 and 111 of the Complaint [#87], which spanned the period of March 27, 2013 to October 31, 2013).

Pursuant to the Order [#125] on Defendants' Motion for Partial Summary Judgment [#104], the Court held with respect to Claim Three that Plaintiff had exhausted his administrative remedies for actions taken between March 27, 2013, and October 31, 2013. [#125] at 3, 13, and 20. The only allegation against Defendant Roberts falling within this exhausted period is found in paragraph 109 of the Complaint [#87]. The undersigned specifically addressed this allegation in the Recommendation, finding that it failed to state a claim. [#112] at 13-14. Thus, given that the Recommendation was adopted, no viable individual capacity claim currently remains pending against Defendant Roberts. Accordingly, pursuant to the Court's Orders [#118 and #125], Claim Three remains pending only against Defendant Daniels, McDermott, and Roberts in their official capacities.

**C.      The Motion [#129]**

In the present Motion [#129], Defendants seek to dismiss the remainder of Claims One and Three as outlined above. Specifically, Defendants argue that: (1) Plaintiff cannot state his *Bivens* claims against Defendants in their official capacities, (2) Plaintiff fails to show that the remaining official capacity claims are not barred by the statute of limitations, (3) Plaintiff's claim for injunctive relief is moot, and (4) Defendants Allred and Santini are entitled to qualified immunity with respect to Claim One.

## II. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); see Fed. R. Civ. P. 12(b)(1). Statutes conferring subject matter jurisdiction on federal courts are to be strictly construed. *F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life ns. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary

judgment pursuant to Rule 56. *Id.*

**B.    Federal Rule of Civil Procedure 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III.  Analysis

**A.  Official Capacity Claims**

As stated above, Claims One and Three in Plaintiff's Complaint [#87] remain pending against Defendants in their official capacities. Defendants argue that these remaining official capacity claims should be dismissed because the Court lacks subject matter jurisdiction over official capacity *Bivens* claims for money damages. *Motion* [#129] at 4. Plaintiff does not address this argument in his Response [#143].

If a federal prisoner incarcerated in a Bureau of Prisons ("BOP") facility alleges a constitutional deprivation, a *Bivens* claim may lie against the individual officer, subject to the defense of qualified immunity. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001). However, such a claim may not lie against the officer in his or her official capacity. *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). That is, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Simmat*, 413 F.3d at 1231 (citing *Farmer v. Perrill*, 275 F.3d 958, 963

(10th Cir. 2001)). The doctrine of sovereign immunity precludes a *Bivens* action against the United States or any agency thereof. *See, e.g., Hatten v. White*, 275 F .3d 1208, 1210 (10th Cir. 2002). The United States is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976).

Plaintiff has not made a showing that the United States has waived its sovereign immunity by consenting to being sued. Therefore, the Court finds that Plaintiff's *Bivens* claims against Defendants in their official capacities are barred by sovereign immunity.[5] Accordingly, the Court respectfully **recommends** that Plaintiff's remaining *Bivens* claims pursuant to Claims One and Three against Defendants Daniels, Allred, Santini, McDermott, Nehls, McDermott, and Roberts in their official capacities be **dismissed with prejudice**. *Compare Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-17 (10th Cir. 2006) (recognizing established rule that "where the district court dismisses for lack of jurisdiction . . . the dismissal must be without prejudice" because a court without jurisdiction lacks power "to make any determination of the merits of the underlying claim"), *with Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities."), *and Johnson v. Lappin*, 10-02235, 2011 WL 1656790, at *4 (D. Colo. May 02, 2011) ("To the extent that [Plaintiff] asserts a *Bivens* claim for money damages against Defendants in their official capacities, such claims are barred by sovereign immunity and are thus properly dismissed with

---

[5] Unlike claims for money damages against federal officials in their official capacities, the doctrine of sovereign immunity does not bar Plaintiff's claims against Defendants for injunctive relief from alleged constitutional violations. *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1233 (10th Cir. 2005) (holding that sovereign immunity does not bar an action against federal prison officials for injunctive relief from alleged constitutional violations). However, in order to establish his entitlement to this form of relief, Plaintiff's Complaint [#87] must include sufficient factual allegations to state a claim for a constitutional violation. *Abu-Fakher v. Bode*, 175 F. App'x 179, 181 (10th Cir. 2006).

prejudice for lack of subject matter jurisdiction.").[6]

**B.    Injunctive Relief**

Plaintiff seeks injunctive relief against Defendants regarding his alleged inadequate medical care. *Fourth Am. Compl.* [#87] ¶ 1. Specifically, Plaintiff seeks "a preliminary and permanent injunction against Defendants requiring the proper and timely delivery of all medically necessary health care, dental care, and mental health treatments to Plaintiff." *Id.* at 25. With regard to Plaintiff's request for injunctive relief pursuant to Claim One, Defendants argue that injunctive relief is not warranted given that Plaintiff acknowledges that his kidney problems have now been resolved. *Motion* [#129] at 18-19.[7] Plaintiff does not address this argument in his Response [#143].

"Where a plaintiff seeks an injunction, his susceptibility to continuing injury is of particular importance[.]" *Jordan v. Sosa*, 654 F.3d 1012, 1204 (10th Cir. 2011). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). With regards to Plaintiff's kidney condition, he states that he underwent surgery for his kidney on July 15, 2014, that he was "able to pass the remaining kidney stones and gain relief," and that his "[Chronic Kidney Disease]

---

[6]  Because the Court finds that Plaintiff's remaining official capacity claims should be dismissed for lack of subject matter jurisdiction, the Court need not address Defendants' statute of limitations argument. *Motion* [#129] at 5 n.3 ("Out of an abundance of caution, Defendants reiterate their statute of limitations argument herein, although they recognize it may no longer be applicable to the remaining allegations and in light of the argument [regarding Plaintiff's remaining official capacity claims]".

[7]  As Defendants note, to the extent Plaintiff seeks injunctive relief against Defendants based on the individual capacity claims asserted under Claim Three, such relief is barred given that Claim Three has been dismissed for failure to exhaust administrative remedies and failure to state a claim. *See Rec.* [#112]; *Order* [#118].

improved from Stage 4 to Stage 3." *Fourth Am. Compl.* [#87] ¶¶ 86, 93, 94. Plaintiff has alleged no facts to indicate that he is being injured in an ongoing and continuous manner. Thus, Plaintiff has not alleged the "real and immediate" injury necessary for entry of injunctive relief. *See Rizzo v. Goode*, 423 U.S. 362, 372 (1976) (stating that claim for injunctive relief was moot where allegations of "real and immediate" injury were attenuated). The Court therefore **recommends** that Plaintiff's remaining claim for injunctive relief against Defendants be **dismissed without prejudice as moot**. *See id.*; accord *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977) (holding injunctive relief should be denied when there is no longer a substantial controversy between the former inmate and prison officials of sufficient immediacy and reality to warrant the issuance of either injunctive or declaratory relief); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("We have no subject-matter jurisdiction if a case is moot."); *Brereton*, 434 F.3d at 1216-17.

C. **Qualified Immunity: Claim One Regarding Failure to Treat Kidneys**

Turning to the merits of Claim One, Defendants Allred and Santini argue that they are entitled to qualified immunity on the remainder of this claim. *Motion* [#129] at 9-18. Again, Plaintiff's Response [#143] does not address Defendants' qualified immunity argument or otherwise contend that Claim One should not be dismissed.

Qualified immunity shields government officials from individual liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant raises qualified immunity, the burden shifts to the plaintiff to satisfy a strict two-part test. *Escobar v. Reid*, 668 F. Supp.

2d 1260, 1293 (D. Colo. 2009).

> First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue. The question of whether the constitutional right was clearly established must be asked in the context of the particular case before the court, not as a general, abstract matter. That is, [t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer [in the defendant's position] that his conduct was unlawful in the situation he confronted. In order for a constitutional right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clear weight of authority from other circuits must establish the constitutional right. In other words, there must be case law in which a constitutional violation was found based upon similar conduct.

*Id.* (alterations in original) (internal citations and quotations omitted). Subsequent authority has clarified that either part of the qualified immunity analysis may be addressed by the Court first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. Punishments that "involve the unnecessary and wanton infliction of pain" violate this provision. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Because prisoners "must rely on prison authorities to treat [their] medical needs," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg*, 428 U.S. at 173). The test for deliberate indifference is both objective and subjective: a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

A defendant knows of and disregards an excessive risk to a prisoner's health or safety when he is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and he actually draws that inference. *Id.* at 837. The subjective component of an Eighth Amendment claim is met if the plaintiff demonstrates a defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citations omitted). Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Accordingly, a prisoner does not have a valid claim of deliberate indifference simply because he was denied "a particular course of treatment" that he desired. *Callahan*, 471 F.3d at 1160. "[A] prison doctor remains free to exercise his or her independent professional judgment," *id.* (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997)), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Id.* (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)).

  1. **Defendant Allred**

As stated above, the Court has already determined in its prior Recommendation [#112] that Plaintiff has failed to adequately allege any wrongful action by Defendant Allred occurring after October 5, 2013, within the applicable statute of limitations period. [#112] at 17-18 ("in the absence of any sufficient allegation of "unlawful" action by Defendant Allred occurring after October 5, 2013, the Court finds that . . . Plaintiff's claim against

Defendant Allred must fail."). Thus, in the absence of a viable constitutional violation, the Court concluded that Defendant Allred was entitled to qualified immunity and recommended that Claim One against him in his individual capacity "be dismissed with prejudice to the extent issues of exhaustion are not implicated." *Id.* at 18. The Court adopted the Recommendation [#112] and the exhaustion issues raised by Defendants with respect to Claim One and Defendant Allred were later withdrawn. *See Order* [#118] at 2; *Motion* [#129] at 2 n.2. The Court finds no reason why Defendants' withdrawn exhaustion argument, which applied to the allegations already addressed by the Court, should force the Court to depart from its prior conclusion that Claim One fails against Defendant Allred.

Therefore, to the extent that this claim has not already been dismissed, the Court **recommends** that Claim One as against Defendant Allred in his individual capacity be **dismissed with prejudice**. *Brereton*, 434 F.3d at 1219 ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

    **2.    Defendant Santini**

The Complaint indicates that Defendant Santini replaced Defendant Allred as the head of the Utilization Review Committee at FCC Florence in about January 2014. [#87] ¶¶ 79-80. The only allegations that pertain to the remainder of Claim One (i.e., allegations not barred by the applicable statute of limitations) are found in paragraphs 77 through 94 of the Complaint [#87]. Within those paragraphs, Plaintiff only asserts the following allegations that specifically refer to Defendant Santini:

> On February 12, 2014, Defendant Santini approved Plaintiff's urology consultation.
>
> However, acting with deliberate indifference to Plaintiff's serious medical

> need, Defendant Santini inexplicably delayed Plaintiff's treatment by an additional four months. Though Plaintiff was recommended for a urology consult in January and approved in February, Defendant Santini delayed Plaintiff's urology consult until May 14, 2014.
>
> On May 14, 2014, Dr. Harrington -- through his report -- advised Defendants Allred and Santini that Plaintiff had hydronephrosis and that this condition could cause further kidney damage. Dr. Harrington warned Defendants Santini and Allred of the risks inherent in further delaying treatment and surgery. Dr. Harrington requested Plaintiff be scheduled for surgery on June 10, 2014.
>
> On July 15, 2014 -- two months after Dr. Harrington advised Defendants Allred and Santini of the urgent need for surgery -- Dr. Harrington performed the surgery. Though Plaintiff had limited interaction with Dr. Harrington at the time of the surgery, Dr. Harrington advised Plaintiff that the surgery was necessary "to prevent further kidney damage."

*Fourth Am. Compl.* [#87] ¶¶ 81, 82, 84, 86. With one exception which the Court discusses below, none of the alleged actions taken by Defendant Santini demonstrate any wrongdoing or a disregarded of "an excessive risk to [Plaintiff's] health or safety." *Farmer*, 511 U.S. at 834. Indeed, these allegations show that Defendant Santini did not ignore Plaintiff's kidney condition and sought special consultations for Plaintiff's treatment. Plaintiff further indicates that on May 14, 2014, he "was brought to a hospital for examination by a surgeon." *Fourth Am. Compl.* [#87] ¶ 83. Within two months of that visit, Plaintiff underwent surgery to resolve his kidney condition. *Id.* ¶ 86. These facts further indicate that Defendant Santini was attentive to Plaintiff's condition, albeit not as quickly as Plaintiff would have preferred. *See Mathison v. Wilson*, 719 F. App'x 806, 809 (10th Cir. 2017) ("When, as here, medical personnel 'orders treatment consistent with the symptoms presented and then continues to monitor the [inmate's] condition, an inference of deliberate indifference is unwarranted under our case law.'" (quoting *Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006))).

As to Plaintiff's conclusory allegation that Defendant Santini "act[ed] with deliberate indifference to Plaintiff's serious medical need [by] inexplicably delay[ing] Plaintiff's treatment by an additional four months[,]" *Fourth Am. Compl.* [#87] ¶ 82, Plaintiff does not provide factual support to show that the delay was caused by Defendant Santini. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995). This allegation "fails to adequately allege additional wrongful acts." *Canfield v. Douglas Cnty.*, 619 F. App'x 774, 779 (10th Cir. 2015). Such broad, "naked assertion[s] devoid of further factual enhancement" are simply insufficient to demonstrate with the requisite specificity that Defendant Santini personally participated in allegedly causing the delay in Plaintiff's urology consultation. *Iqbal*, 556 U.S. at 678.

The same applies to Plaintiff's remaining allegations which allege that "Defendants" collectively acted post-surgery to deny Plaintiff medication and delay his stent removal. *See Fourth Am. Compl.* [#87] ¶ 88 (alleging that "Defendants collectively agreed that in the wake of Plaintiff's surgery, they would deny Plaintiff pain-killing medication"); *id.* ¶ 91 (alleging that "all Defendants worked together to further delay Plaintiff's medical care and ensure that Plaintiff was not brought back to Dr. Harrington for two months [for Plaintiff's stent removal]"). "To make out viable . . . *Bivens* claims and to overcome defendants' assertions of qualified immunity, plaintiff[ ] here must establish that each defendant . . . caused a violation of plaintiff['s] clearly established constitutional rights, and that each defendant acted with the constitutionally requisite state of mind. Plaintiff[ ] must do more than show that [his] rights "were violated" or that "defendants," as a collective and undifferentiated whole, were responsible for those violations." *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013) (citations omitted).

Therefore, in the absence of allegations supporting constitutional violations, the Court finds that Defendant Santini is entitled to qualified immunity. Accordingly, the Court **recommends** that Claim One against Defendant Santini in his individual capacity be **dismissed with prejudice**.

## IV. Conclusion

The Court respectfully **RECOMMENDS** that the Motion [#129] be **GRANTED** and that the remainder of Plaintiff's Fourth Amended Complaint [#87] be **DISMISSED** as outlined above.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 1, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge