**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 15-cv-02203-RM-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

CHARLES DANIELS, Former Warden, FCC Florence, in his individual and official capacities,
DAVID ALLRED, DO, Former Clinical Director, FCC Florence, in his individual and official capacities,
GEORGE SANTINI, MD, Clinical director, FCC Florence, in his individual and official capacities,
LISA MCDERMOTT, Assistant Health Services Administrator, FCC Florence, in her individual and official capacities,
TERESA NEHLS, Former Nurse Practitioner, FCC Florence, in her individual and official capacities,
NIXON ROBERTS, DDS, Dentist, FCC Florence, in his individual and official capacities, and
JOHN DOE #1-15, Unknown Staff, FCC Florence, in their individual and official capacities,

    Defendants.

---

## ORDER
---

This matter is before this Court on "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction pursuant to F.R.C.P. 65" ("Motion") (ECF No. 151). The Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). The Court has considered the record and also finds no hearing is required. Upon consideration of the Motion, and applicable parts of the court record, and being otherwise fully advised, the Motion is DENIED.

## I. BACKGROUND

Plaintiff's operative complaint, filed through counsel, alleges Defendants "repeatedly exhibited deliberate indifference to Plaintiff's serious medical conditions involving his kidneys and his dental and oral health." (ECF No. 87, ¶2.) Plaintiff brought eight causes of action, seeking relief under the Eighth Amendment (first through fourth causes of action), Fifth Amendment (fifth through eighth causes of action), and First Amendment (seventh and eighth causes of action). Based on various orders of dismissals, the only claims which remain are portions of claims one and three under the Eighth Amendment.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 65(b)(1), "the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." In addition, Local Rule 65.1 also requires a certificate of counsel or an unrepresented party which addresses providing notice, and providing copies of filings, to opposing counsel and any unrepresented adverse party. D.C.COLO.LCivR 65.1.

Case law also sets forth certain requirements which must be met before injunctive relief may be had. Specifically, in order to obtain relief, the plaintiff must establish: "'(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public

interest.'" *Diné Citizens Against Ruining our Environment v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta,* 302 F.3d 1104, 1111 (10th Cir. 2002)); *Watts v. Karmichael Family, LLC*, No. 07-cv-00638-MSK-MJW, 2007 WL 1059051, at *1 (D. Colo. Apr. 4, 2007) (unpublished) (motion for temporary restraining order is examined under same standards applicable to requests for preliminary injunction). The Tenth Circuit no longer applies a "modified test"[1] for determining temporary or preliminary injunctive relief, finding it inconsistent with the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *Diné Citizens*, 839 F.3d at 1282 (deciding preliminary injunction). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Diné Citizens*, 839 F.3d at 1281 (citation and quotation marks omitted).

**III. ANALYSIS**

Plaintiff alleges that he meets each of the four prongs for granting injunctive relief. The Court finds otherwise.

Plaintiff starts with the requirement of substantial likelihood of success on the merits, arguing he has a First Amendment right to meaningful access to the courts. Even if Plaintiff has such a right, his surviving claims do not seek relief for the alleged denial of such right. After all, the likelihood of success on the merits are addressed to viable *claims* raised in a party's complaint. *See, e.g., Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252–53 (10th Cir. 2016) ("In analyzing whether [plaintiff] has established a likelihood of success on the

---

[1] Under the "modified test," when the other three requirements for preliminary injunctive relief tip strongly in the movant's favor, the test is modified so that the movant may meet the likelihood of success on the merits requirement "'by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Diné Citizens*, 839 F.3d at 1282 (quoting *Davis*, 302 F.3d at 1111).

merits, we shall address separately each of the three claims asserted in its complaint."). "The very purpose of an injunction under Rule 65(a) is to give temporary relief based on a preliminary estimate of the strength of the *plaintiff's suit*, prior to the resolution at trial of the factual disputes and difficulties presented by the case." *Herbert*, 828 F.3d at 1252 (quotation marks and citation omitted, emphasis added). As no such First Amendment claim exists, Plaintiff cannot show the first prong required for injunctive relief is met. As a showing for all four prongs are required, in light of Plaintiff's failure to establish the first prong, the Court need not address the three remaining requirements. *Diné Citizens*, 839 F.3d at 1285 ("We therefore affirm on this ground [failure to show substantial likelihood of success on the merits] and do not address the parties' arguments regarding the other three prerequisites for preliminary relief.").

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction pursuant to F.R.C.P. 65" (ECF No. 151) is DENIED.

DATED this 26th day of March, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge