IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 15-cv-02203-RM-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

CHARLES DANIELS, Former Warden, FCC Florence, in his individual and official capacities,
DAVID ALLRED, DO, Former Clinical Director, FCC Florence, in his individual and official capacities,
GEORGE SANTINI, MD, Clinical director, FCC Florence, in his individual and official capacities,
LISA MCDERMOTT, Assistant Health Services Administrator, FCC Florence, in her individual and official capacities,
TERESA NEHLS, Former Nurse Practitioner, FCC Florence, in her individual and official capacities,
NIXON ROBERTS, DDS, Dentist, FCC Florence, in his individual and official capacities, and
JOHN DOE #1-15, Unknown Staff, FCC Florence, in their individual and official capacities,

    Defendants.

---

# ORDER
---

    This matter is before this Court on the Recommendation of United States Magistrate Judge ("Recommendation") (ECF No. 149), recommending that "Defendants' Renewed Motion to Dismiss Remaining Claims in Plaintiff's Fourth Amended Complaint (Doc. 87)" ("Motion") (ECF No. 129) be granted and the remaining claims in this case be dismissed. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Upon consideration of the Recommendation, and the court record, and being otherwise fully advised, the Court amends the Recommendation; accepts and adopts the Recommendation, as amended; and grants the Motion as stated herein.

I.      BACKGROUND

This Order presumes the readers' familiarity with the case and the orders previously entered. Briefly, Plaintiff's operative complaint, filed through counsel, alleges Defendants "repeatedly exhibited deliberate indifference to Plaintiff's serious medical conditions involving his kidneys and his dental and oral health." (ECF No. 87, ¶2.) Plaintiff brought eight causes of action, seeking relief under the Eighth Amendment (first through fourth causes of action), Fifth Amendment (fifth through eighth causes of action), and First Amendment (seventh and eighth causes of action). Based on various orders of dismissals (ECF Nos. 118, 125), the only causes of action (hereafter referred to as "claims") which remain are portions of claims one and three. None of the claims are directed against John Doe defendants, including the remaining two claims.

What remains of claim one is against Defendants Daniels, Allred, Santini, McDermott, and Nehls in their official capacities; and against Defendants Allred (in part) and Santini in their individual capacities. What remains of claim three is against Defendants Daniels, McDermott, and Roberts[1] in their official capacities. Defendants sought dismissal of all remaining claims.

The Magistrate Judge recommended (1) dismissal with prejudice based on the Eleventh Amendment as to Plaintiff's official capacity *Bivens* claims (one and three) for money damages; (2) dismissal without prejudice as moot Plaintiff's claim one for injunctive relief as his alleged kidney problems have now been resolved; (3) dismissal with prejudice as to claim one against Defendant Allred based on qualified immunity as Plaintiff has failed to allege any wrongful

---

[1] The Court's Order of September 1, 2017 (ECF No. 118) dismissed with prejudice in part the individual capacity claim against Defendant Roberts, but accepted the recommendation (ECF No. 112) which gave rise to that Order. As the Recommendation at hand recognizes, considering the subsequent determination of exhaustion only for actions taken between March 17 and October 31, 2013, and the insufficiency of the allegations against Defendant Roberts falling within this exhausted period, no viable claim remains against Defendant Roberts in his individual capacity.

action by him occurring after October 5, 2013, within the applicable statute of limitations period; and (4) dismissal with prejudice as to claim one against Defendant Santini based on qualified immunity for failure to sufficiently alleged any constitutional violations. The Recommendation advised the parties that written objections were due within 14 days of service of the Recommendation. Despite this advisement, no party has filed any objection[2] or sought additional time to do so. (*See* Dkt.)

## II. LEGAL STANDARD

### A. Review of a Magistrate Judge's Report and Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires the district court judge to "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

---

[2] Plaintiff did file a motion for temporary restraining order or injunctive relief arguing denial of access to the courts, which the Court has denied. (ECF No. 151 and No. 152.)

**B. Motion to Dismiss**

As no party objects to the Magistrate Judge's statements of the standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(2), and the Court finds such statements to be correct, the standard set forth in the Recommendation is incorporated herein by this reference.

**C. *Pro Se* Plaintiff**

Plaintiff is proceeding *pro se*. The Court, therefore, reviews Plaintiff's pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citations omitted). *Pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

**III.  ANALYSIS**

**A. The Recommendation and Defendants' Motion to Dismiss**

As stated, no party has objected to the Recommendation and the time to do so has passed. Accordingly, the Court reviews the Recommendation for clear error. Upon such review, the Court finds the Magistrate Judge's analysis was thorough and sound and there is no clear error except in one respect. The Magistrate Judge recommends dismissal of the official capacity claims for damages *with* prejudice, but the law requires such claims to be dismissed *without* prejudice. *Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) ("Damages claims against state officials in their official capacities trigger Eleventh Amendment immunity. … [T]hese

dismissals should have been without prejudice."); *see also Gray v. Geo Group, Inc.*, 727 F. App'x 940, 947 (10th Cir. 2018) (District court properly dismissed without prejudice official capacity claims for damages as "such claims are construed as claims against the state and are thus barred by Eleventh Amendment immunity." (citing *Colby, supra*)). Thus, the Recommendation, amended accordingly to reflect dismissal without prejudice based on Eleventh Amendment immunity, is accepted by the Court.

### B. John Does 1-15

With the acceptance of the Recommendation, no claims are left against the named Defendants. This leaves Defendants John Does 1-15 identified as of January 17, 2017, more than two years ago. Though identified, the complaint alleges no claims against such defendants. (*See* ECF No. 87.) Therefore, John Doe defendants are subject to dismissal based on Plaintiff's failure to state a claim against them.

### C. The Other Pending Motions

There are five pending motions in addition to the Motion to Dismiss. The Recommendation does not address such motions, but in light of the Court's acceptance of the recommendation of dismissal, it appears such other motions are also subject to denial. The Court's review shows they are moot and/or without merit.

First, by motion dated April 2, 2018 (ECF No. 134), Plaintiff alleges he was having difficulties with his legal correspondence. Generally, Plaintiff asserts he became aware of a change in the date and time of a scheduling conference from his son; wants to address the court during an April 4, 2018, scheduling conference; and requests the court to allow him to be polygraphed in support of his claims. Such requests are moot because (1) the Magistrate Judge subsequently vacated the scheduling conference and stayed the case pending the resolution of

Defendants' Motion; and (2) the Magistrate Judge recommends dismissal of Plaintiff's remaining claims which the Court accepts in this Order.

Next, by motion dated April 4, 2018 (ECF No. 136), Plaintiff requests a status of the court's scheduling conference, as he had been advised it was vacated. In addition, Plaintiff asks the court to point to deficiencies, to "guide" him, and to allow him time to respond to Defendants' Motion and a motion to stay. Similarly, by motion dated April 5, 2018 (ECF No. 137), Plaintiff requests an opportunity to respond to the Motion and the motion to stay and/or a status conference. In addition, in closing, Plaintiff also requests an appointment of counsel. Plaintiff's requests in these two motions are also moot.

As Plaintiff has been advised, the scheduling conference has been vacated. And, by the time the court received his motions, the Magistrate Judge had already granted the motion to stay. The stay order did not adversely impact Plaintiff's ability to respond to the Motion, which was filed pursuant to Rules 12(b)(1) and 12(b)(6). Further, the Magistrate Judge, to whom the motions had been referred, essentially granted Plaintiff's motions to the extent they request an enlargement of time. (*See* ECF No. 139 (granting Plaintiff until December 28, 2018 to file a response to the March 2, 2018, Motion).) And, Plaintiff did file a response (ECF No. 143), which the Magistrate Judge accepted even though it was late. Finally, as to any request for appointment of counsel, such request is not only moot but also denied on the merits as, for example, Plaintiff fails to bear his burden of showing there is sufficient merit to his claims to warrant the appointment of counsel. *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).[3]

---

[3] Even if the court had considered the motion earlier, it would not have merited granting for that same reason, e.g., the failure to show that counsel should be appointed. Further, although Plaintiff apparently contends others (not Defendants) allegedly interfered (or interfere) with legal documents, he fails to show any alleged interference has

Plaintiff's fourth pending motion (ECF No. 145) does not seek relief; it advises the court why his response to the Motion was late and of his inability to serve a copy on Defendants. Again, the Magistrate Judge accepted Plaintiff's response and, as the motion seeks no relief, it is denied.

The fifth and final pending motion (ECF No. 147) again advises the court of Plaintiff's alleged difficulties with his legal documents and in "responding" to Defendants' reply brief (ECF No. 144). It is unclear what relief Plaintiff seeks here as neither the Federal Rules of Civil Procedure nor any other applicable rule allows a party to "respond" to a reply brief. Thus, any alleged difficulty Plaintiff may have had with preparing any response does not warrant relief. Accordingly, this motion is also denied.

This brings the Court to Plaintiff's "response" (ECF No. 150) to Defendants' reply in support of their Motion. For the reason stated above, i.e., the applicable rules provide for no additional response, Plaintiff's response is stricken as improper.

**D. CONCLUSION**

Based on the foregoing, it is ORDERED

(1) That the Recommendation of United States Magistrate Judge (ECF No. 149), as amended, is accepted and adopted;

(2) That Defendants' Renewed Motion to Dismiss (ECF No. 129) is granted;

(3) That Defendants John Does 1-15 are dismissed with prejudice for failure to state a claim;

(4) That the following motions are denied as set forth herein:

    (i)    Plaintiff's Motion Requesting this Court to Address Difficulties (ECF No. 134);

---

impaired his ability to prosecute this case. Finally, Plaintiff fails to show he is indigent; Plaintiff has been represented by several private lawyers, all of whom have withdrawn.

(ii) Plaintiff's Motion for Status of the Court's Preliminary Scheduling Conference (ECF No. 136);

(iii) Plaintiff's Motion in Regard[] to this Court's Order Document 133 (ECF No. 137);

(iv) Plaintiff's Motion to Advi[s]e the Court (ECF No. 145); and

(v) Plaintiff's Motion to Advi[s]e this Court of Plaintiff's Continued Difficulties (ECF No. 147);

(5) That Plaintiff's response (ECF No. 150) is hereby stricken;

(6) That the Clerk shall enter judgment in favor of Defendants and against Plaintiff as stated herein and in accordance with the prior Orders of this Court (ECF Nos. 118, 125); and

(7) That the Clerk shall close this case.

DATED this 26th day of March, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge